1  Sid Leach (AZ Bar #019519)
   sleach@swlaw.com
2  SNELL & WILMER L.L.P.
   One Arizona Center
3  400 E. Van Buren
   Phoenix, AZ 85004-2202
4  Telephone:   (602) 382-6372
   Facsimile:   (602) 382-6070
5
   Attorneys for Witness Chris Beall
6  and for Plaintiffs Home Gambling Network, Inc.
   and Mel Molnick
7

**FILED**

DEC 1 2 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8                **UNITED STATES DISTRICT COURT**

9               **NORTHERN DISTRICT OF CALIFORNIA**

10                    **SAN JOSE DIVISION**

11  CHRIS BEALL, HOME GAMBLING          **CV 13  80284  MISC.**
12  NETWORK, INC., and MEL MOLNICK,     Misc. Case No.
                                        [Related to Closed Action in the U.S. District
13                                      Court for the District of Nevada,
                                        Case No. 2:05-cv-00610-DAE-VCF]
14                  Movants,

15            v.                        **CHRIS BEALL, HOME GAMBLING
                                        NETWORK, INC., AND MEL MOLNICK'S
16                                      NOTICE OF MOTION, MOTION, AND
                                        MEMORANDUM IN SUPPORT OF
17  CHRIS PICHE, INVERSIONES VC DOS     MOTION TO QUASH SUBPOENA AND
    MIL S.A., and EYEBALL NETWORKS,     FOR A PROTECTIVE ORDER TO
18                                      ENFORCE RULE 16 SCHEDULING
                  Defendants.           ORDER DISCOVERY DEADLINE
19

20  In re: SUBPOENA ISSUED TO CHRIS
    BEALL FOR DEPOSITION AND
21  PRODUCTION OF DOCUMENTS

22

23

24

25

26

27

28
                                    Chris Beall's and Plaintiffs' Motion to Quash
                                         Subpoena and for Protective Order
                                                   Misc. Case No.

# TABLE OF CONTENTS

**Page**

I.   Introduction ................................................................................................ 2

II.  Subpoenas Under Rule 45 Are Subject to the Same Time Limits That Apply to All Discovery ...................................................................................................... 5

III. Plaintiffs Home Gambling Network and Mel Molnick Have Standing to Seek a Protective Order Prohibiting Defendants From Taking Chris Beall's Deposition ............ 8

IV.  The Subpoena Served on Chris Beall Six Years After the Discovery Cut-Off Date Is Unenforceable ...................................................................................... 9

V.   Objections to Defendants' Subpoenas Were Not Waived ................................... 9

VI.  A Rule 45 Subpoena Is Not a Proper Means for Obtaining Discovery Documents From an Expert .......................................................................................... 11

VII. Defendants' Refusal to Withdraw the Subpoenas Served Upon Chris Beall Was Unjustified .............................................................................................. 12

VIII. Conclusion .............................................................................................. 14

Chris Beall's and Plaintiffs' Motion to Quash
Subpoena and for Protective Order
Misc. Case No. _____

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Abrams v. Ciba Specialty Chems. Corp.*, 265 F.R.D. 585, 588 (S.D. Ala. 2010)............................ 8

*Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000)............................................. 7, 14, 15

*BASF Corp. v. Old World Trading Co.*, Civ. No. 86-5602, 1992 U.S. Dist. LEXIS
    1111, 1992 WL 24076, at * 2 (N.D.Ill. Feb. 4, 1992)................................................ 8

*Carter v. United States*, 164 F.R.D. 131, 133 (D. Mass. 1995) ............................................... 7

*Circle Group, L.L.C. v. Southeastern Carpenters Regional Council*, 836 F.
    Supp.2d 1327, 1351-52 (N.D. Ga. 2011) ................................................................... 6, 11

*DAG Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 104 (D. D.C. 2005)............ 7, 10, 11

*Dees v. Hyundai Motor Mfg. Ala., LLC*, No. 2:07-CV-306-MHT, 2008 U.S. Dist.
    LEXIS 23710, 2008 WL 821061, at *1 (M.D. Ala. Mar. 25, 2008)............................ 8

*Dreyer v. GACS, Inc.*, 204 F.R.D. 120, 122 (N.D. Ind. 2001) .................................................. 6

*Engles v. Hilti, Inc.*, No. 11-CV-491-GKF-PJC, 2012 U.S. Dist. LEXIS 182024, at
    *2 (N.D. Okla. Dec. 27, 2012) ................................................................................. 7

*Grant v. Otis Elevator Co.*, 199 F.R.D. 673, 675 (N.D. Okla. 2001) ...................................... 6

*Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996)............................................. 14

*Integra Lifesciences I, Ltd. v. Merck KgaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999)..................... 5

*Marsh v. Jackson*, 141 F.R.D. 431, 432 (W.D. Va. 1992) .................................................... 15

*Marvin Lumber and Cedar Co. v. PPG Indus., Inc.*, 177 F.R.D. 443, 443-44 (D.
    Minn. 1997)............................................................................................................. 7

*Mortg. Information Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 566 (W.D.N.C. 2002) ................... 8

*Nicholas v. Wyndham International, Inc.*, No. 2001/147-M/R, 2003 U.S. Dist.
    LEXIS 24085, at *3-5 (D. V.I. Oct. 1, 2003)............................................................. 9

*nSight, Inc. v. PeopleSoft, Inc.*, No. 3:04 CV 3836 MMC (MEJ), 2006 U.S. Dist.
    LEXIS 22383, at *7 (N.D. Cal. April 13, 2006) ..................................................... 5, 10

*Olgyay v. Soc. for Envtl. Graphic Design, Inc.*, 169 F.R.D. 219, 220 (D.D.C. 1996)................... 9

*Puritan Inv. Corp. v. ASLL Corp.*, No. Civ. A. 97-1580, 1997 U.S. Dist. LEXIS
    19559, 1997 WL 793569, at *1-2 (E.D. Pa. Dec. 9, 1997)........................................ 8

Chris Beall's and Plaintiffs' Motion to Quash
Subpoena and for Protective Order
Misc. Case No.

# TABLE OF AUTHORITIES
### (Continued)

**Page**

*Pushko v. Klebener*, No. 3:05-cv-211-J-25HTS, 2007 U.S. Dist. LEXIS 66223, 2007 WL 2671263, at *3 (M.D. Fla. Sept. 7, 2007) ........................................ 9

*Rice v. United States*, 164 F.R.D. 556, 557 (N.D. Okla. 1995) ........................................ 8

*Soriano v. Countrywide Home Loans, Inc.*, No. 09-CV-02415-LHK, 2011 U.S. Dist. LEXIS 57489, at *8 (N.D. Cal. May 27, 2011)........................................ 6

## FEDERAL STATUTES

7 Moore's *Federal Practice* § 34.03[2][a] ........................................ 9

## FEDERAL RULES

Rule 34, Federal Rules of Civil Procedure ........................................ 15

Rule 45, Federal Rules of Civil Procedure ........................... 2, 5, 6, 7, 8, 9, 11, 12, 14, 15

Rules 16 and 26, Federal Rules of Civil Procedure ..................... 1, 2, 4, 5, 7, 9, 10, 12, 16

## STATE RULES

Local Rule 37-3 ........................................ 1, 3, 12, 16

- iii -

## NOTICE OF MOTION AND MOTION

**TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** as soon as this matter may be heard before the United States District Court for the Northern District of California, Witness Chris Beall, and Plaintiffs Home Gambling Network, Inc., and Mel Molnick will, and hereby do, move for an Order to quash all subpoenas served upon expert witness Chris Beall, and for a Protective Order prohibiting the issuance of subpoenas from this Court after the discovery deadline in the closed Case No. 2:05-cv-00610-DAE-VCF, in the District of Nevada. This Motion is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the exhibits and papers on file herein, any oral argument before the Court, and any other documentary or oral evidence the Court may request or consider.

## ISSUES PRESENTED

1.    Is the subpoena served upon expert witness Chris Beall after the discovery cut-off in the underlying Nevada civil action, and after the Nevada case was closed, an improper attempt to obtain discovery beyond the discovery period permitted in the Nevada civil action?

2.    Are the Defendants required to first obtain a modification of the Rule 16 scheduling order in the Nevada civil action before attempting to invoke the subpoena power of this Court by issuing a discovery subpoena after the deadline set in the Nevada court's Rule 16 scheduling order?

3.    Since objections were timely served upon Defendants after a first subpoena was served upon Chris Beall in October 2013, is the witness required to repeatedly serve the same objections again upon Defendants after the Defendants served another subpoena upon Chris Beall in November 2013?

4.    Is the subpoena served upon Chris Beall after the applicable discovery cut-off unenforceable pursuant to Local Rule 37-3?

5.    Can the Defendants use Rule 45 to obtain documents from an expert witness?

- 1 -

Chris Beall's and Plaintiffs' Motion to Quash
Subpoena and for Protective Order
Misc. Case No. _____

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   Introduction

Defendants Chris Piche, Inversiones VC Dos Mil S.A., and Eyeball Networks ("Defendants") recently served a subpoena, dated October 1, 2013, upon expert witness Chris Beall for a deposition and commanding the production of documents. The witness Chris Beall and Plaintiffs Home Gambling Network, Inc. and Mel Molnick ("Plaintiffs") timely served objections to the subpoena. Defendants continued the deposition, and then served an identical subpoena, dated November 15, 2013, on the witness Chris Beall, resetting the date of the deposition and commanding the production of the same documents.

The subpoenas served upon expert witness Chris Beall lists Civil Action No. 2:05-cv-00610-DAE-VCF as the underlying civil action supporting the invocation of this Court's power under Rule 45 of the Federal Rules of Civil Procedure. The subpoenas indicate that the underlying action is "pending" in another district. In fact, Civil Action No. 2:05-cv-00610-DAE-VCF is no longer pending in the District of Nevada. The case was closed on September 30, 2013. Final judgment was entered in the case. Moreover, the discovery cut-off provided in the Nevada court's Rule 16 scheduling order expired more than six years ago.

As noted above, Defendants served a first subpoena upon Chris Beall, dated October 1, 2013. Exhibit 1. Promptly, on October 3, 2013, the Defendants were served with objections to the subpoena, sent on behalf of the witness and Plaintiffs. Exhibit 2. The objections included: (1) the subpoena was served after the discovery cut-off set by the governing scheduling order, (2) the Nevada civil action was no longer pending, and (3) the subpoena issued out of the Northern District of California and was unenforceable under this Court's Local Rule 37-3. *Id.*

After receiving the objections to the subpoena, Defendants' counsel wrote a letter indicating that he "continued the deposition based upon your objections" asking for alternative dates for the deposition. Exhibit 3. The letter appeared to confirm that the deposition of Chris Beall was being taken for discovery purposes, stating that the deposition was being taken to "investigate further the propriety of a motion under 28 U.S.C. § 1927 for fees and costs against the attorneys themselves." Exhibit 3. Plaintiffs did not discuss alternative dates for the deposition,

Chris Beall's and Plaintiffs' Motion to Quash
Subpoena and for Protective Order
Misc. Case No. _____

1   because Plaintiffs do not believe Defendants are entitled to invoke this Court's subpoena power

2   for a discovery deposition and discovery document production long after the period for discovery

3   ended in the underlying Nevada civil action.

4        A second subpoena, dated November 15, 2013, seeking the same documents and

5   otherwise identical to the first subpoena except for the date that Chris Beall was commanded to

6   appear for a deposition, was also served on Chris Beall. The objections to the second subpoena

7   are the same as the first subpoena, and the second subpoena is for the same deposition that was

8   continued by Defendants. Even though the second subpoena is for the same deposition and is the

9   same as the first subpoena, Defendants' counsel now contends that all objections to the subpoena

10  were waived, because the letter objecting to the subpoena was not re-sent to Defendants' counsel

11  when the same subpoena was served on the witness with a different date for the deposition.

12       The underlying Nevada civil action No. 2:05-cv-00610-DAE-VCF was filed on May 16,

13  2005. The original scheduling order set a close of fact discovery on August 17, 2007. Exhibit 5, at

14  2. The scheduling order was subsequently modified, and the discovery cut-off date for all fact

15  discovery and expert discovery was set for October 28, 2007. Exhibit 6, at 2.

16       In the Nevada civil action, the court found that the Defendants had "abused the discovery

17  process through a pattern of delay, evasiveness and non-compliance with this court's orders."

18  Exhibit 7, at 9. The Nevada court also found that the Defendants' "behavior has forced plaintiffs

19  to invest a substantial amount of time, effort and attorneys fees in a continuing attempt to obtain

20  relevant and useful discovery." *Id.*

21       The Nevada court then set an evidentiary hearing to be held on February 15, 2011,

22  concerning whether the Defendants had complied with the court's discovery orders. Plaintiff's

23  expert Chris Beall was scheduled to testify at that hearing.

24       On December 22, 2010, Defendants sought permission from the Nevada court to take

25  Chris Beall's deposition, notwithstanding the expiration of the period for discovery provided in

26  the scheduling order. Exhibit 8, transcript, at 30 ("I would like to depose their expert [Chris

27  Beall]"). The Nevada court denied the Defendants' request to depose Chris Beall. Exhibit 8,

28  transcript, at 34. The Nevada court ruled:

- 3 -                    Chris Beall's and Plaintiffs' Motion to Quash
                          Subpoena and for Protective Order
                          Misc. Case No. _____

But rather than allow the defendant, Mr. Jacobs, to depose the plaintiffs' expert, I'm going to require that the plaintiffs -- that's a Mr. Beall, that Mr. Beall provide to the defense and a copy for the Court, a detailed report on how he -- what he has done, what he has found, and what conclusions he reaches. Just like a standard expert report that would be required under Rule 26. And then we will schedule an evidentiary hearing in which Mr. Beall will be subject to an examination by the defense. And I suppose it would be much like a deposition, you would have -- rather than having [him] testify twice, we'll have him testify once in court, and he will be subject to examination by both sides.

Exhibit 8, transcript, at 34.

At the subsequent evidentiary hearing held on February 15, 2011, Plaintiff's expert Chris Beall was subject to examination by Defendants' counsel Jacob Reynolds. Exhibit 9. After the February 15, 2011, evidentiary hearing, the presiding magistrate judge entered a report and recommendation that default judgment be entered against the Defendants, finding bad faith and willfulness by the Defendants in failing to comply with the court's discovery orders. Exhibit 10.

The district judge subsequently declined to adopt that report and recommendation, and instead remanded the case to a newly-appointed magistrate judge for a new evidentiary hearing.[1] Exhibit 11. On October 23, 2012, Defendants' counsel Jacob Reynolds again requested permission to depose Plaintiffs' expert Chris Beall. Exhibit 12, transcript, at 33. The Nevada court again denied the Defendants' request to depose Chris Beall. Exhibit 12, transcript, at 33 ("Also, Your Honor, ... I would like the opportunity to depose Mr. Beall in California. ... [W]ould you allow us to do that? THE COURT: No ...").

Ultimately, after the Defendants succeeded in completely exhausting the Plaintiffs' limited resources after years and years of discovery disputes and delays, the district court granted summary judgment in favor of the Defendants, refusing to reopen discovery based upon Plaintiffs' Rule 56(e) request. Final judgment was entered, and the case was closed on September 30, 2013. Exhibit 13.

Discovery was not re-opened after the October 28, 2007, discovery cut-off date. Exhibit 6, at 2. The discovery cut-off date in the Nevada court's Rule 16 scheduling order was not extended.

[1] The original magistrate judge had retired from the bench.

- 4 -

Chris Beall's and Plaintiffs' Motion to Quash Subpoena and for Protective Order Misc. Case No. _____

## II.   Subpoenas Under Rule 45 Are Subject to the Same Time Limits That Apply to All Discovery

"California federal courts and the majority of jurisdictions hold that, absent one of the narrow circumstances [not applicable here], requests for production of documents and things under Rule 45 constitute pre-trial discovery and must be served within the designated discovery period." *nSight, Inc. v. PeopleSoft, Inc.*, No. 3:04 CV 3836 MMC (MEJ), 2006 U.S. Dist. LEXIS 22383, at *7 (N.D. Cal. April 13, 2006). *Accord, Integra Lifesciences I, Ltd. v. Merck KgaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999) ("Plaintiffs are correct in their assertion that the subpoena issued by Defendants was an improper use of discovery devices after the close of discovery in this case. Case law establishes that subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case."); *Soriano v. Countrywide Home Loans, Inc.*, No. 09-CV-02415-LHK, 2011 U.S. Dist. LEXIS 57489, at *8 (N.D. Cal. May 27, 2011) ("There are numerous district court decisions quashing Rule 45 subpoenas on the basis that they seek to improperly circumvent the discovery deadline ...".).

The majority of jurisdictions consider subpoenas issued under Rule 45 to constitute discovery that is subject to discovery deadlines established in a court's scheduling order. *Circle Group, L.L.C. v. Southeastern Carpenters Regional Council*, 836 F. Supp.2d 1327, 1351-52 (N.D. Ga. 2011) ("The majority of jurisdictions, and courts within this Circuit, consider subpoenas issued under Rule 45 to constitute discovery and, thus, are subject to discovery deadlines established by the Court."); *Dreyer v. GACS, Inc.*, 204 F.R.D. 120, 122 (N.D. Ind. 2001) (noting that "[m]ost courts hold that a subpoena seeking documents from a third-party under Rule 45(a)(1)(C) is a discovery device and therefore subject to a scheduling order's general discovery deadlines"); *Grant v. Otis Elevator Co.*, 199 F.R.D. 673, 675 (N.D. Okla. 2001) ("Litigants may not use the subpoena power of the court to conduct discovery after the discovery deadline."); *DAG Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 104 (D. D.C. 2005) ("A subpoena pursuant to Federal Rule of Civil Procedure 45 to a third-party is not exempt from discovery deadlines in scheduling orders. Rather, contrary to Plaintiffs' assertions, Rule 45 subpoenas are 'discovery' under Rules 16 and 26 of the Federal Rules of Civil Procedure, and are

Chris Beall's and Plaintiffs' Motion to Quash
Subpoena and for Protective Order
Misc. Case No. _____

1   subject to the same deadlines as other forms of discovery."); *Marvin Lumber and Cedar Co. v.*

2   *PPG Indus., Inc.*, 177 F.R.D. 443, 443-44 (D. Minn. 1997) (holding that subpoenas *duces tecum*

3   meet the definition of discovery contained in Rule 26(a)(5), and that they are therefore "subject to

4   the same time constraints that apply to all of the other methods of formal discovery"); *Alper v.*

5   *United States*, 190 F.R.D. 281, 283 (D. Mass. 2000) ("[T]his court does not believe that a party

6   should be allowed to employ a subpoena after a discovery deadline to obtain materials from third

7   parties..."); *Engles v. Hilti, Inc.*, No. 11-CV-491-GKF-PJC, 2012 U.S. Dist. LEXIS 182024, at *2

8   (N.D. Okla. Dec. 27, 2012) ("Having determined that a request for documents under Rule 45 is

9   discovery, the question is whether a party may use the Court's subpoena power to compel

10  document discovery after the Court's discovery cutoff date. The answer is no."); *Carter v. United*

11  *States*, 164 F.R.D. 131, 133 (D. Mass. 1995) (holding that portions of deposition notices seeking

12  production of documents were improper attempts to conduct written discovery after scheduling

13  deadline); *Rice v. United States*, 164 F.R.D. 556, 557 (N.D. Okla. 1995) ("Rule 45 subpoenas

14  *duces tecum* . . . constitute discovery."); *Puritan Inv. Corp. v. ASLL Corp.*, No. Civ. A. 97-1580,

15  1997 U.S. Dist. LEXIS 19559, 1997 WL 793569, at *1-2 (E.D. Pa. Dec. 9, 1997) ("Trial

16  subpoenas may not be used, however, as a means to engage in discovery after the discovery

17  deadline has passed."); *BASF Corp. v. Old World Trading Co.*, Civ. No. 86-5602, 1992 U.S. Dist.

18  LEXIS 1111, 1992 WL 24076, at * 2 (N.D.Ill. Feb. 4, 1992) ("Here, discovery has been closed

19  for almost eleven months, and the court will not allow the parties to engage in discovery through

20  trial subpoenas."); *Abrams v. Ciba Specialty Chems. Corp.*, 265 F.R.D. 585, 588 (S.D. Ala.

21  2010); *Mortg. Information Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 566 (W.D.N.C. 2002); *Dees*

22  *v. Hyundai Motor Mfg. Ala., LLC*, No. 2:07-CV-306-MHT, 2008 U.S. Dist. LEXIS 23710, 2008

23  WL 821061, at *1 (M.D. Ala. Mar. 25, 2008); *Pushko v. Klebener*, No. 3:05-cv-211-J-25HTS,

24  2007 U.S. Dist. LEXIS 66223, 2007 WL 2671263, at *3 (M.D. Fla. Sept. 7, 2007); *Nicholas v.*

25  *Wyndham International, Inc.*, No. 2001/147-M/R, 2003 U.S. Dist. LEXIS 24085, at *3-5 (D. V.I.

26  Oct. 1, 2003); 7 Moore's *Federal Practice* § 34.03[2][a] (stating that, "[a]lthough Rule 45 is not

27  limited by its terms to nonparties, it should not be used to obtain pretrial production of documents

28  or things, or inspection of premises, from a party in circumvention of discovery rules or orders").

Chris Beall's and Plaintiffs' Motion to Quash
Subpoena and for Protective Order
Misc. Case No. _____

Rule 16 of the Federal Rules of Civil Procedure makes plain that a scheduling order entered by a district judge "shall not be modified except upon a showing of good cause and by leave of the district judge." Rule 16(b) , Fed.R.Civ.P. A scheduling order is "intended to serve as the unalterable road map (absent good cause) for the remainder of the case." *Olgyay v. Soc. for Envtl. Graphic Design, Inc.*, 169 F.R.D. 219, 220 (D.D.C. 1996). Defendants cannot ignore the Nevada court's scheduling order and start conducting discovery without first seeking a modification of the Nevada court's scheduling order. Defendants' improper conduct in this case seems particularly egregious, because not only has the deadline for discovery passed, but the civil action in Nevada is no longer pending, and the case was closed on September 30, 2013, before the subpoenas were issued or served.

In this case, because the deadline for discovery expired over six years ago, the Defendants cannot use a subpoena to compel a discovery deposition of Chris Beall without first obtaining an order from the Nevada district court modifying the applicable Rule 16 scheduling order for good cause shown. *DAG Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (D. D.C. 2005) ("Because the deadline for discovery expired, Plaintiffs are obligated to seek a modification of the Scheduling Order by demonstrating 'good cause' *before* serving additional discovery ...".) (emphasis added). Moreover, here, the Nevada district court twice denied Defendants' requests to take the deposition of Chris Beall. Exhibit 8, transcript, at 34; Exhibit 12, transcript, at 33. Having denied the Defendants' requests to take the deposition of Chris Beall, the Defendants cannot now cavalierly ignore the orders of the Nevada court and just go do whatever they want to do. More importantly, this Court is not the proper forum for seeking a modification of the Nevada court's scheduling order, especially in view of the fact that the Nevada court twice denied Defendants' requests for permission to depose Chris Beall.

To be sure, the case law makes a distinction between trial subpoenas and discovery subpoenas. *nSight v. PeopleSoft, Inc.*, No. 3:04 CV 3836 MMC (MEJ), 2006 U.S. Dist. LEXIS 22383, at *6 (N.D. Cal. April 13, 2006). However, in this case, the subpoenas are discovery subpoenas. The subpoenas command Chris Beall to appear at the offices of a court reporter for a deposition, not to appear at a trial or hearing. *Id.* at *10 ("In order for Plaintiff's subpoena to

- 7 -

Chris Beall's and Plaintiffs' Motion to Quash
Subpoena and for Protective Order
Misc. Case No. _____

1  qualify as a trial subpoena, it must seek a non-party's attendance at trial or a hearing..."). The

2  subpoena commands Chris Beall to produce the requested documents to Defendants' counsel, and

3  not to produce the documents to the court.

4  The subpoenas served upon Chris Beall should be quashed. *Circle Group, L.L.C. v.*

5  *Southeastern Carpenters Regional Council*, 836 F. Supp.2d 1327, 1352 (N.D. Ga. 2011)

6  ("Practical considerations of case management compel the conclusion that Rule 45 subpoenas

7  issued after the close of discovery and seeking to re-open discovery under the guise of trial

8  preparation should be quashed.").

9  **III.   Plaintiffs Home Gambling Network and Mel Molnick Have
        Standing to Seek a Protective Order Prohibiting Defendants**
10  **From Taking Chris Beall's Deposition**

11  In the case of *Integra Lifesciences I, Ltd. v. Merck KgaA*, the defendants who served the

12  subpoena disputed whether the plaintiffs had standing to move to quash a subpoena served upon a

13  third-party. There, the court noted that although Rule 45 appeared to only authorize such a motion

14  by the subpoenaed party, the court held that "any party to the litigation would have the right to

15  move for a protective order where the subpoena was in violation of case management orders

16  issued under Fed. R. Civ. P. 16 and 26." *Integra Lifesciences I, Ltd. v. Merck KgaA*, 190 F.R.D.

17  556, 562 n.3 (S.D. Cal. 1999), *citing Marvin Lumber & Cedar Co. v. PPG Industries, Inc.*, 177

18  F.R.D. 443, 445 (D. Minn. 1997).

19  Here, Plaintiffs have moved for a protective order on grounds that the subpoenas served

20  upon Chris Beall are in violation of the Nevada court's Rule 16 scheduling order. It is appropriate

21  for a court to issue a protective order when subpoenas are served after the discovery cut-off. *DAG*

22  *Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 108 (D. D.C. 2005) ("In such

23  circumstances, it is appropriate for this Court to exercise its discretion ... and issue a protective

24  order prohibiting the discovery sought by Plaintiffs' subpoena."), *citing Minn. Supply Co. v.*

25  *Raymond Corp.*, Civ. No. 99-832, 2002 U.S. Dist. LEXIS 25400, at *3-5 (D. Minn. Dec. 27,

26  2002) (protective order granted and subpoenas quashed as an "improper attempt to circumvent the

27  scheduling order and discovery cut-off date").

28

Chris Beall's and Plaintiffs' Motion to Quash
Subpoena and for Protective Order
Misc. Case No. _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.   The Subpoena Served on Chris Beall Six Years After the Discovery Cut-Off Date Is Unenforceable

This Court's Local Rule 37-3 provides that discovery requests for depositions after the applicable discovery cut-off are not enforceable unless a court order is first obtained for good cause shown. Local Rule 37-3 ("Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown.").

In this case, the applicable discovery cut-off was October 28, 2007, the date set in the Nevada court's Rule 16 scheduling order. Exhibit 6, at 2.

The subpoena at issue here calls for a deposition on December 12, 2013. That is more then six years after the applicable discovery cut-off.

No court order was obtained by Defendants to permit them to take Chris Beall's deposition. In fact, the Nevada court denied Defendants' request for an order allowing Defendants to take Mr. Beall's deposition -- *twice*. Exhibit 8, transcript, at 34; Exhibit 12, transcript, at 33.

Under the terms of Local Rule 37-3, the subpoena served upon Chris Beall is unenforceable. Consequently, the subpoena should be quashed.

## V.   Objections to Defendants' Subpoenas Were Not Waived

Defendants served a first subpoena upon Chris Beall, dated October 1, 2013. Exhibit 1. The witness Chris Beall and Plaintiffs timely served objections to the subpoena on October 3, 2013. Exhibit 2. The objections included: (1) the subpoena was served after the discovery cut-off set by the governing scheduling order, (2) the Nevada civil action was no longer pending, and (3) the subpoena issued out of the Northern District of California and was unenforceable under this Court's Local Rule 37-3. *Id.*

Defendants' counsel wrote a letter indicating that he "continued the deposition based upon your objections" and asked for alternative dates for the deposition. Exhibit 3. Plaintiffs were unwilling to "agree" on alternative dates for the deposition, because Plaintiffs do not believe Defendants are entitled to take the requested discovery deposition after the applicable discovery cut-off in the underlying Nevada civil action.

- 9 -

Chris Beall's and Plaintiffs' Motion to Quash
Subpoena and for Protective Order
Misc. Case No. _____

1      In order to reset a new date for the continued deposition, Defendants served a second

2 subpoena, dated November 15, 2013, seeking the same documents and which was otherwise

3 identical to the first subpoena except for the date that Chris Beall was commanded to appear for a

4 deposition.

5      Under these circumstances, where a second subpoena was served for the same discovery

6 deposition seeking the same documents and information that was previously objected to, It is

7 unnecessary for the witness and other objecting parties to re-serve their objections to the

8 subpoena. The objections to the second subpoena are encompassed within the objections to the

9 first subpoena. The second subpoena was for the same deposition, on a different date.

10      Defendants' contention that all objections to the subpoena were waived, has no merit.

11 Defendants construction of Rule 45 would exalt form over substance.

12      If Defendants construction of Rule 45 was correct, a party could continue to serve the

13 same subpoena upon the same witness over and over again until the witness made a mis-step and

14 did not continue to re-send the same objections to the subpoena. Such a construction of Rule 45

15 would appear to violate the command of Rule 1, providing that all of the rules "should be

16 construed and administered to secure the just, speedy, and inexpensive determination of every

17 action and proceeding." Rule 1, Fed.R.Civ.P. requiring a witness to re-serve the same objections

18 when served with duplicate subpoenas is neither just nor inexpensive.

19      More importantly, regardless of the provisions of Rule 45 relating to parties who are

20 served with subpoenas, Plaintiffs have not "waived" the provisions of Rule 16(d). Rule 16(d),

21 Fed.R.Civ.P. ("This order controls the course of the action unless the court modifies it.").

22 Plaintiffs have not "waived" the provisions of Rule 16(f). Rule 16(f)(C), Fed.R.Civ.P. ("On

23 motion or on its own, the court may issue any just orders, including those authorized by Rule

24 37(b)(2)(A)(ii)-(vii), if a party or its attorney ... fails to obey a scheduling or other pretrial

25 order.").

26      Defendants' waiver argument should be rejected.

27

28

Chris Beall's and Plaintiffs' Motion to Quash
Subpoena and for Protective Order
Misc. Case No. _____

## VI.     A Rule 45 Subpoena Is Not a Proper Means for Obtaining Discovery Documents From an Expert

Both subpoenas served upon Chris Beall commend him to produce documents. The subpoenas required Mr. Beall to bring to his deposition:

> "Printed copies of any and all communications for documents that (1) relate to compensation for your study or testimony in the U.S. District of Nevada Case #2:05-cv-00610; (2) identify facts for [sic] data that Mel Molnick or Home Gambling Network's attorneys provided to you and that you considered in forming the opinions you expressed in U.S. District of Nevada Case #2:05-cv-00610; or (3) identify assumptions that these attorneys provided and that you relied on in forming the opinions you expressed in Case #2:05-cv-00610."

Exhibit 1; Exhibit 4.

Chris Beall was an expert witness for Plaintiffs in the Nevada case. Courts have held that Rule 45 is not a proper means for obtaining discovery documents from an expert. *Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000) ("In the court's opinion, Plaintiff's attempt to obtain discovery documents from a party's expert at trial via a Rule 45 subpoena is unauthorized by the federal rules.").

The rationale for this result is that "discovery of documents from a party, as distinct from a non-party, is not accomplished pursuant to Rule 45." *Alper v. United States*, 190 F.R.D. at 283, *quoting from Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996). Although an expert is not a party, Rule 34 governs the discovery of documents in the possession or control of the parties themselves. *Id.* Given the fact that Chris Beall is Plaintiffs' expert, the documents which Defendants seek from him may be considered to be within Plaintiffs' control. "Hence, Rule 34, not Rule 45, would appear to apply." *Alper v. United States*, 190 F.R.D. at 283, *citing Marsh v. Jackson*, 141 F.R.D. 431, 432 (W.D. Va. 1992) (noting that subpoena for production of documents directed to non-party expert retained by a party is not within ambit of Fed. Rule 45(c)(3)(8)(ii)).

Therefore, the subpoenas served on Chris Beall should be quashed for the additional reason that Rule 45 is not a proper basis for obtaining discovery documents from an expert.

Chris Beall's and Plaintiffs' Motion to Quash
Subpoena and for Protective Order
Misc. Case No. _____

VII.  **Defendants' Refusal to Withdraw the Subpoenas Served Upon Chris Beall Was Unjustified**

Defendants have had private investigators harass Chris Beall from time to time for over a year now. Defendants' counsel admitted a year ago that he hired someone to "follow him." Exhibit 18, at 11 ("We've had a private investigator -- a private investigator follow him yesterday. He went home, he arrived at 5 o'clock at his house.").

On December 10, 2012, Defendants' private investigator telephoned Chris Beall and left a voicemail message. Exhibit 14. The voicemail message stated: "I'm interested in -- in hiring you. Uh, I actually would like to speak with you, uh, face to face about a job that, uh, I think, uh, you would be very good at." Exhibit 15. The voicemail indicated that the private investigator wanted an appointment with Mr. Beall early the next morning, and requested that he leave a message confirming the appointment and providing the address for his office. Exhibit 15.

Defendants' private investigator called Chris Beall back at 4:05 PM California time on December 11, 2012, and left another voicemail message. Exhibit 16. The second voicemail message stated, "I'm trying to get a hold of you. Um, I guess I'll try back in a little bit and hope, uh, your meeting went well." Exhibit 17. This information demonstrates that Mr. Beall was unavailable through at least 4:04 PM on December 11, 2012, for a meeting with Defendants' private investigator posing as someone who wanted to have a job interview with Mr. Beall.

However, at an evidentiary hearing in Las Vegas that same day (December 11, 2012), Defendants' counsel Jacob Reynolds represented to the Nevada court that Mr. Beall was available that day to attend the hearing in Las Vegas. Defendants' counsel stated:

> Mr. Beall is available. We have proved that today. We've had a private investigator -- a private investigator follow him yesterday. He went home, he arrived at 5 o'clock at his house. This morning she set an appointment with him to meet with him this afternoon. He is available.

Exhibit 18, at 11.

This Court should not allow Defendants to use this Court's subpoena power for purposes of harassing Chris Beall. It is improper for the Defendants to use this Court's power to illegally compel Chris Beall to obey an unenforceable subpoena.

- 12 -

Chris Beall's and Plaintiffs' Motion to Quash Subpoena and for Protective Order Misc. Case No. _____

1    Defendants' counsel was aware that Chris Beall and Plaintiffs objected to the deposition
2    sought by Defendants on grounds that their efforts to depose Chris Beall violated Rule 16 and the
3    Nevada court's scheduling order. Exhibit 2. In spite of this, Defendants persisted in their efforts
4    to force Chris Beall to appear for a deposition. Exhibit 4.

5    Defendants' counsel was warned that Local Rule 37-3 rendered the subpoenas
6    unenforceable. Exhibit 2. In spite of this, Defendants persisted in their efforts to harass Chris
7    Beall by having a private investigator serve him with yet another subpoena. Exhibit 4.

8    In the underlying Nevada case, the court found that the Defendants had "abused the
9    discovery process through a pattern of delay, evasiveness and non-compliance with this court's
10   orders." Exhibit 7, at 9. The Nevada court also found that the Defendants' "behavior has forced
11   plaintiffs to invest a substantial amount of time, effort and attorneys fees in a continuing attempt
12   to obtain relevant and useful discovery." *Id.*

13   Now the Defendants are continuing those tactics in an effort to force Plaintiffs to continue
14   to invest a substantial amount of time, effort and attorneys' fees in resisting the Defendants' post-
15   judgment harassment.

16   The attempt to take the deposition of Chris Beall is in furtherance of a personal vendetta
17   against Plaintiffs' attorneys themselves. Exhibit 3, at 2 ("Chris Beall's deposition is being taken
18   to investigate further the propriety of a motion under 28 U.S.C. § 1927 for fees and costs against
19   the attorneys themselves"). It is also clear that it is improper to use the subpoena power of a court
20   for post-discovery case investigation. *nSight v. PeopleSoft, Inc.*, No. 3:04 CV 3836 MMC (MEJ),
21   2006 U.S. Dist. LEXIS 22383, at *12 (N.D. Cal. April 13, 2006) ("Plaintiff seeks the authority of
22   the Court to engage in what the Court finds to be post-discovery case investigation. However,
23   using the Court's subpoena power for this purpose is improper.").

24   Given the well-settled case law providing that the Rule 45 subpoena power of a court
25   cannot be invoked for a discovery deposition after the period for discovery has expired, and given
26   Local Rule 37-3 of this Court, which was specifically called to the attention of Defendants'
27   counsel, Defendants' refusal to withdraw the subpoenas served upon Chris Beall was unjustified..

28

Chris Beall's and Plaintiffs' Motion to Quash
Subpoena and for Protective Order
Misc. Case No. _____

1

## VIII.   **Conclusion**

2    Chris Beall's motion to quash should be granted, and Plaintiffs' motion for a protective

3  order should be granted.

4  Dated: December 11, 2013

SNELL & WILMER L.L.P.

5

6    By:

7    Sid Leach
   sleach@swlaw.com
8    SNELL & WILMER L.L.P.
   One Arizona Center
9    400 E. Van Buren
   Phoenix, AZ  85004-2202
10   Telephone:    (602) 382-6372
   Facsimile:    (602) 382-6070

11   Attorneys for Witness Chris Beall
   and for Plaintiffs Home Gambling Network,
12   Inc. and Mel Molnick

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Chris Beall's and Plaintiffs' Motion to Quash
Subpoena and for Protective Order
Misc. Case No. _____

1

## CERTIFICATION UNDER LOCAL RULE 37-1(a)

2       The undersigned hereby certifies that the parties attempted to resolve the matter

3  raised by this Motion to Quash, and were unsuccessful in reaching an agreement

4  on the issue of whether it was improper to invoke the subpoena power of this

5  Court for the requested deposition of Chris Beall and the commanded document

6  production after the period for discovery set by the Rule 16 scheduling order in

7  the Nevada Case No. 2:05-cv-00610-DAE-VCF had expired, and indeed, after the

8  case was closed. The parties were also unsuccessful in reaching an agreement on

9  the issue of whether the subpoenas were unenforceable under this Court's Local

10  Rule 37-3. The parties were further unsuccessful in reaching an agreement on the

11  issue of whether all objections to the subpoenas were waived.

12

13

14

15

16  Sid Leach
SNELL & WILMER L.L.P.
17  One Arizona Center
400 E. Van Buren
18  Phoenix, AZ 85004-2202
Telephone:  (602) 382-6372
19  Facsimile:  (602) 382-6070

20  Attorneys for Witness Chris Beall
and for Plaintiffs Home Gambling
21  Network, Inc. and Mel Molnick

22

23

24

25

26

27

28

- 15 -

Chris Beall's and Plaintiffs' Motion to Quash
Subpoena and for Protective Order
Misc. Case No. _____

1

**CERTIFICATE OF SERVICE**

2       The undersigned hereby certifies that on December 11, 2013, I caused a true and

3   correct copy of the foregoing CHRIS BEALL, HOME GAMBLING NETWORK,

4   INC., AND MEL MOLNICK'S NOTICE OF MOTION, MOTION, AND

5   MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA AND FOR

6   A PROTECTIVE ORDER AND TO ENFORCE RULE 16 SCHEDULING ORDER

7   DISCOVERY DEADLINE, together with copies of all exhibits, to be served upon

8   Defendants by mailing the above documents to Defendants' counsel of record at

9   counsel's last known address, via First Class Mail, postage prepaid, in a sealed

10   envelope addressed as follows, and further, that an additional copy was served

11   upon Defendants' counsel by email:

12

       Jacob A. Reynolds
13       Hutchinson & Steffen, LLC
       10080 West Alta Drive, Ste. 200
14       Las Vegas, NV 89145
       Email: JReynolds@hutchlegal.com

15

16

17

18

19       I declare under penalty of perjury under the laws of the United States of America that the

20   foregoing is true and correct.

21       Executed on December 11, 2013.

22

23

24

25                Sid Leach

26

27

28

- 16 -

Chris Beall's and Plaintiffs' Motion to Quash
Subpoena and for Protective Order
Misc. Case No. _____