**EXHIBIT 1**

**EXHIBIT 2**



# Marquiz Law Office
Professional Corporation

| | |
|---|---|
| Date: | October 3, 2013 |
| Fax to: | Jacob A. Reynolds, Esq.  702.385.2086 |
| | Sid Leach, Esq.  602.382.6070 |
| From: | Craig A. Marquiz, Esq. |
| Pages: | 3   (Including Cover Page) |
| Regarding: | <u>HGN v. Piche et al.</u> |

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is PRIVILEGED, CONFIDENTIAL and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone and return the original to us by mail without making a copy. Thank you.

3088 Via Flaminia Court, Henderson, NV 89052
Phone: 702.263.5533   Fax: 702.263.5532
MarquizLaw@cox.net



# Marquiz Law Office
Professional Corporation

October 3, 2013

Jacob A. Reynolds, Esq.
Hutchison & Steffen, LLC
10080 West Alta Dr., Ste. 200
Las Vegas, NV 89145

              Re:   *HGN v. Piche et al.*

Dear Jacob:

    Plaintiffs respectfully request that the CWC Defendants voluntarily quash the subpoena duces tecum issued to Chris Beall and vacate the unilaterally-noticed deposition (scheduling Mr. Beall's record production and examination for October 22, 2013 in San Jose, CA).

    As an initial matter, the CWC Defendants have improperly served Plaintiff's expert, Chris Beall, with a subpoena duces tecum (issued from the United States District Court for the Northern District of California) and issued a Notice of Deposition seeking his testimony and production of documents. The governing scheduling order in this case set a discovery cut-off which expired long ago. In your recent letter, dated October 2, 2013, you asserted that judgment had been entered in this case, which would mean that there is no action pending to support the issuance of a subpoena in any event, even if it was not prohibited by the Court's Rule 16 Scheduling Order. *See* Fed.R.Civ.P. 16(b)(4) ("[a] schedule may be modified only for good cause and with the judge's consent"); 16(f)(1)(C) ("the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney ... fails to obey a scheduling or other pretrial order").

    Further, since the subpoena served on Mr. Beall was issued from the Northern District of California, it is subject to the Local Rules of the Northern District of California. The deposition notice violates Local Rule 37-3 of the Northern District of California, and the subpoena issued from that court is unenforceable because you did not first obtain an order from the Northern District of California allowing such a deposition for good

3088 Via Flaminia Court, Henderson, NV 89052
Phone: 702.263.5533    Fax: 702.263.5532
MarquizLaw@cox.net

Jacob A. Reynolds, Esq.
October 3, 2013
Page 2

cause shown. Local Rule 37-3 ("Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown."). The unilaterally-noticed deposition also violates Local Rule 30-1 of the Northern District of California. Local Rule 30-1 ("before noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel").

If you have any questions or wish to discuss, please call me. If not, I look forward to receiving written confirmation from the CWC Defendants' withdrawing the subpoena and cancelling the unilaterally-noticed deposition.

Sincerely,

*Craig Marquiz*

Craig A. Marquiz, Esq.

**EXHIBIT 3**



PECCOLE PROFESSIONAL PARK
10080 WEST ALTA DRIVE, SUITE 200
LAS VEGAS, NEVADA 89145
702.385.2500
FAX 702.385.2086
HUTCHLEGAL.COM

JACOB A. REYNOLDS
ATTORNEY
JREYNOLDS@HUTCHLEGAL.COM

OUR FILE NO.: 3672-001

November 1, 2013

**Via Email and U.S. Mail**

Craig A. Marquiz, Esq.
MARQUIZ LAW OFFICE
3088 Via Flaminia Court
Henderson, NV 89052

Sid Leach, Esq.
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren
Phoenix, AZ 85004-2202

Re: **Home Gambling Network, Inc., et al. v. Chris Piche, et al.**
 **Deposition of Chris Beall.**

Dear Mr. Marquiz and Mr. Leach:

This letter follows up on my attempts to discuss with you your objections to the post-judgment deposition of Chris Beall. Enclosed as Exhibit A to this letter is your letter of objection dated October 3, 2013. I have tried to communicate with you about these objections without success, though we did, as a professional courtesy, continue the deposition based upon your objections in hopes of discussing them. Having received no further response in this regard, this letter is the final attempt to resolve the matter before we file a motion under LR 7-5 or LR 26-7.

Your two objections to Chris Beall's deposition were: (1) this case has closed and therefore the deposition would occur after discovery has closed; and (2) defendants failed to consult with plaintiffs prior to setting the deposition.

Taking the latter first, defendants have tried to consult with plaintiffs regarding alternative dates but have been met with silence. We ask you to give us alternative dates that you would be available for the deposition amongst the following: November 25-26, or December 2-

## HUTCHISON & STEFFEN
A PROFESSIONAL LLC

Craig A. Marquiz, Esq.
Sid Leach, Esq.
November 1, 2013
Page 2

14 to attend this deposition. If we do not receive alternative dates by November 6, then we will set the date we see fit.

So you understand, you cannot defend the deposition of Chris Beall as there would be an inherent conflict of interest in this instance. This conflict is also relevant to your second objection regarding the deposition occurring beyond the discovery deadline. By its nature, Chris Beall's deposition does not go to the merits of the case. Rather, Chris Beall's deposition is being taken to investigate further the propriety of a motion under 28 U.S.C. § 1927 for fees and costs against the attorneys themselves, which is explicitly exempted from the regular attorney fee motion time limits by FRCP 54(d)(2)(E). Rather than making a 1927 motion without this testimony, defendants seek further information in good faith to help determine the merit of such a motion. Defendants anticipate that Chris Beall's testimony would be helpful in either further establishing the merit of a § 1927 claim, or convincing us not to file such a motion. As such, the deposition is sought in good faith, for good cause, and is timely.

Given the nature of the deposition, you obviously cannot represent Chris Beall. You as well may desire to have separate counsel at the deposition in this regard. In any case, please let us know by November 6, 2013, whether you maintain your objection, or will allow the deposition to go forward without objection, so that we may act accordingly.

Sincerely,

HUTCHISON & STEFFEN

*Jacob A. Reynolds*

Jacob A. Reynolds
For the Firm

JAR/bbp

Enclosure

**EXHIBIT 4**



**EXHIBIT 5**

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HOME GAMBLING NETWORK, INC., et al., ) | |
| ) | |
| Plaintiff, ) | 2:05-cv-00610-KJD-LRL |
| ) | |
| v. ) | **DISCOVERY PLAN and** |
| ) | **SCHEDULING ORDER** |
| CHRIS PICHE, et al., ) | |
| ) | |
| Defendants. ) | |

The court has considered plaintiffs' and defendants' proposed Discovery Plans and Scheduling Orders (#118 and #115, respectively). The court believes that the phased discovery plan proposed by defendants best serves the interests of litigation efficiency and cost savings. Accordingly, the following discovery plan and scheduling order[1] shall govern these proceedings:

I. <u>Phase I</u>

    A. Initial Disclosures                                              November 24, 2006

    B. Prior Art Disclosures                                          January 19, 2007

II. <u>Phase II</u>

    A. Commence Liability Fact Discovery                    January 22, 2007

    B. Exchange Patent Claim Terms                        February 23, 2007

    C. Exchange of Preliminary Claim Constructions
        and Extrinsic Evidence                                 March 23, 2007

    D. Submit Joint Claim Construction Statement          April 20, 2007

    E. Initial Claim Construction Briefs                       June 1, 2007

---

[1] To the extent applicable, the discovery plan in this case is intended to be conceptually compatible with the Patent Local Rules in effect in the Northern District of California.

|   |   |   |
|---|---|---|
| F. Answering Claim Construction Briefs | | June 29, 2007 |
| G. Markman Hearing, on or after | | July 27, 2007 |
| H. Close of Liability Fact Discovery | | August 17, 2007 |

III. Phase III

    A. Upon the entry of an Order construing the patent claim terms in dispute (the "Order Date"):

        1. Within 30 days of the Order Date, the parties shall exchange expert reports pursuant to Fed.R.Civ.P. 26(a)(2) on liability issues on which they bear the burden of proof;

        2. Within 60 days of the Order Date, the parties shall exchange rebuttal expert reports;

        3. Within 120 days of the Order Date, expert discovery on liability issues shall close;

        4. Within 160 days of the Order Date, all dispositive motions directed to liability issues shall be filed. Briefing shall be in accordance with LR 7-2.

    B. Discovery Limitations

        1. Each party may serve a maximum of 65 document requests;

        2. Each party may serve a maximum of 50 requests for admissions; and

        3. The deposition of plaintiff Melvin Molnick may be taken for up to 21 hours.

IT IS SO ORDERED.

DATED this 10th day of October, 2006.

_____
LAWRENCE R. LEAVITT
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT 6**

|   |   |
|---|---|
| 1 | ♦ |
|   | **Marquiz Law Office** |
| 2 | Professional Corporation |
|   | ♦ |
| 3 | 3088 Via Flaminia Court |
|   | Henderson, NV 89052 |
| 4 | Phone: (702) 263-5533 |
|   | Fax: (702) 263-5532 |
| 5 | Craig A. Marquiz, Esq. |
|   | NV Bar #7437 |
| 6 | Attorney for Plaintiffs |
| 7 | **Snell & Wilmer LLP** |
|   | One Arizona Center |
| 8 | 400 E. Van Buren Ave. |
|   | Phoenix, AZ 85004-2202 |
| 9 | Sid Leach, Esq. |
|   | Pro Hac Vice |
| 10 | Attorney for |
|   | Plaintiffs/Counterdefendants |
| 11 | |

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF NEVADA**

| HOME GAMBLING NETWORK, INC, a Nevada corporation; MEL MOLNICK, an individual | Case No. CV-S-05-0610-DAE (LRL) |
|---|---|
| Plaintiffs, | **STIPULATION TO MODIFY DISCOVERY PLAN AND SCHEDULING ORDER** |
| vs. | |
| CHRIS PICHE and JANE DOE PICHE, husband and wife; ADAM ANHANG, a single man; EYEBALL NETWORK, INC., an unlicensed Canadian venture d/b/a EYEBALL NETWORK GAMES, INC.; INVERSIONES VC DOS MIL S.A. a Costa Rican corporation d/b/a CASINOWEBCAM, CASINOWEBCAM.COM, CASINOWEBCAM.COM INC., CWC GAMING, CWCGAMING.COM, and CWCGAMING.COM INC. | (First Request) |
| Defendants. | |

Whereas the Court recently addressed the motion for summary judgment brought by Inversiones VC Dos Mil S.A., Chris Piche and Eyeball Networks, Inc. (collectively CWC Defendants)[1] and Plaintiffs Mel Molnick and Home Gambling Network, Inc.'s dismissal without prejudice of the Sportingbet and World Gaming Defendants, the parties reasonably believe that the Claim Construction phase provided in the existing Discovery Plan and Scheduling Order (modeled after the California Patent Litigation approach) is no longer necessary. Accordingly, the parties hereby stipulate and agree to modify the Discovery Plan and Scheduling Order as follows:

I. <u>Discovery Cut-Off Dates</u>. Discovery will take one hundred and eighty (180) days, measured from May 1, 2007. Thus, the discovery cut-off in this case is Sunday, October 28, 2007.

II. <u>Experts</u>. Disclosure of experts shall proceed according to Fed. R. Civ. P. 26(a)(2), except that: (i) the disclosure of experts and expert reports shall occur on Friday, September 28, 2007, which is thirty (30) days before the discovery cut-off date; and (ii) the disclosure of rebuttal experts and their reports shall occur on Saturday, October 13, 2007, which is fifteen (15) days before the discovery cut-off date.

III. <u>Other Items</u>.

    a. <u>Amending the Pleadings and Adding Parties</u>. The parties shall have until Saturday, July 28, 2007 to file any motions to amend the pleadings or add parties. This is ninety-two (92) days before the discovery cut-off date and does not

---

[1] The Court denied the CWC Defendants motion as to Counts One (Patent Infringement), Count Five (Breach of Contract), Count Four (Accounting), Count Three (Preliminary & Permanent Injunction) and Count Six (Intentional Interference), and granted same as to Court Two (Declaratory Judgment) and Count Seven (Conversion). <u>See</u> Order (Doc. No. 143).

2

1  exceed the outside limit LR 26-1(e)(2) presumptively sets of ninety (90) days before the
2  discovery cut-off date for filing such motions.
3       b.  Interim Status Report. The parties shall file the interim status
4  report required by LR 26-3 by Friday, August 24, 2007. Undersigned counsel certify
5  that they have read LR 26-3 and that this date is no later than sixty (60) days before the
6  discovery cut-off date.
7
8       c.  Dispositive Motions. The parties shall have until Tuesday,
9  November 27, 2007 to file dispositive motions. This is thirty (30) days after the
10 discovery cut-off date and does not exceed the outer limit of thirty (30) days following
11 the cut-off date that LR 26-1(e)(4) presumptively sets for filing dispositive motions.
12      d.  Settlement. Settlement cannot be evaluated prior to the
13 completion of discovery.
14
15      e.  Later Appearing Parties. A copy of this discovery plan and
16 scheduling order shall be served on any person served after it is entered or, if
17 additional defendants should appear, within five (5) days of their first appearance. This
18 discovery plan and scheduling order shall apply to such later-appearing parties, unless
19 the Court, on motion and for good cause shown, orders otherwise.
20
21      f.  Extensions or Modifications of the Discovery Plan and Scheduling
22 Order. LR 26-4 governs modifications or extensions of this discovery plan and
23 scheduling order. Any stipulation or motion must be made not later than twenty (20)
24 days before the discovery cut-off date and comply fully with LR 26-4.
25 . . .
26

3

1     RESPECTFULLY SUBMITTED this 14th day of May, 2007.

                             Marquiz Law Office
                             Professional Corporation

By: _____
Craig A. Marquiz, Esq.
3088 Via Flaminia Court
Henderson, NV 89052
Attorney for Plaintiffs


Lincoln, Gustafson & Cercos

By: _____
Nicholas B. Salerno, Esq.
Thomas R. Ryan, Esq.
2300 West Sahara Ave., Ste. 300, Box 2
Las Vegas, NV 89102
Attorneys for Defendants


IT IS SO ORDERED.

DATED this 16th day of May, 2007.

_____
LAWRENCE R. LEAVITT
UNITED STATES MAGISTRATE JUDGE

4